In the Matter of PETER L. SULLIVAN, Respondent, v BARBARA CASEY, Appellant. [651 NYS2d 616] —In a child visitation and support proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of (1) an order of the Family Court, Nassau County (Decker, J.), dated June 24, 1994, as awarded the father unsupervised overnight visitation with their children, and (2) an order of the same court, dated April 28, 1995, as, upon the father's petition alleging a violation by the mother of the order dated June 24, 1994, suspended a prior order of child support until the mother returned to New York with the children, engaged in therapy, and permitted overnight visitation on a consistent basis.

Ordered that the order dated June 24, 1994, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated April 28, 1995, is reversed insofar as appealed from, without costs or disbursements, and the father's petition alleging a violation by the mother of the order dated June 24, 1994, is denied.

The respondent father married the appellant mother on May 2, 1981, while (unbeknownst to the mother) he was still married to another woman. His marriage to the mother was later annulled, although the parties continued to live together and had three children together. The father, an alcoholic, had an active drinking problem throughout much of the time of his relationship with the mother. He admitted that there had been occasions when the children had seen him drunk, and the record reveals a history of abusive, drunken behavior, both physically and verbally. The mother, on occasion, had to resort to obtaining an order of protection against him. In December 1989 the mother asked the father to leave the house.

The father admitted that he was drunk for days at a time, that he suffered from periods of blackouts, and that he had a criminal record for driving while intoxicated and for seriously injuring another driver while he (the father) was driving while under the influence of alcohol. He was also arrested for theft of services for failing to pay a cab driver, which occurred while he was in a "blackout" state. The father was in and out of rehabilitation centers in an attempt to deal with his alcoholism problem. The father asserted that his last attempt at sobriety had been successful and that he had been sober since May 30, 1991.

The father's record of paying child support is woefully inadequate. The mother filed numerous petitions alleging that the father had violated support orders. The father made some payments after being sentenced to jail for not paying, and made some support payments through an income execution. The father admitted that he was $11,000 to $12,000 in arrears of child support to the mother. In addition to that, he admittedly owed $26,000 in arrears to another woman for child support in connection with a child that he had with that woman.

The mother attempted to obtain family counseling, but her insurance would cover only herself and her children. She was unable to find a program that could accommodate the father under her plan. She was, understandably, reluctant to participate in a program for which she would have to pay for the father to attend. She agreed wholeheartedly to participate in counseling if the father paid the cost.

The record establishes that, notwithstanding the father's behavior, the mother made efforts to foster the children's relationship with the father. For some time, she would pick up the father (whose driver's license had been suspended), bring him to visit with the children, and then bring him back home. It is conceded by both parties that the mother's attitude towards the children's visitation with the father changed after the father remarried and fathered a child with his new wife. The mother candidly testified, when asked whether she would be willing to pay for the children's counseling regarding their relationship with the father:

"It is his responsibility. It is his relationship. I am done playing his relationship for him. That's when everything changed, when I stopped buying Christmas games and putting his name on it so the kids wouldn't think their father forgot. When I stopped picking him up and then dropping him off back across the island. When I stopped that.

"When I said you are sober enough to have a new wife and new baby, you have to now have your responsibility as a father. If he wants a relationship with his children, let him go to counseling, let him go with his children and try to develop a relationship with him".

By order dated June 24, 1994, based upon the foregoing evidence, the court ordered that the children have unsupervised visitation with their father and that the parties and the children enter counseling with a mental health expert.

The mother subsequently moved to Massachusetts with her fiance, and the father brought a violation petition, claiming that by moving to Massachusetts the mother had violated the

court's order directing visitation and counseling. The court agreed and directed the mother to return to New York. We now reverse. Under the circumstances of this case, we conclude that it was an improvident exercise of discretion to grant the father's petition. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.